IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 2, 2012

## CHARLES HALL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 04-00119     John T. Fowlkes, Jr., Judge**

---

**No. W2011-02683-CCA-R3-PC  - Filed October 22, 2012**

---

The petitioner, Charles Hall, appeals the denial of his petition for post-conviction relief from his 2007 Shelby County Criminal Court jury convictions of aggravated robbery, claiming that he was denied the effective assistance of counsel at trial. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JEFFREY S. BIVINS and ROGER A. PAGE, JJ., joined.

Patrick E. Stegall, Memphis, Tennessee, for the appellant, Charles Hall.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Muriel Malone, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner was originally convicted of two counts of aggravated robbery in case number 04-119 and two counts of aggravated robbery in case number 04-120, but this court reversed the convictions and remanded for separate new trials based upon the trial court's improper consolidation of the indictments. *See State v. Charles Hall*, No. W2005-01338-CCA-R3-CD (Tenn. Crim. App., Jackson, Aug. 11, 2006). In 2007, a Shelby County Criminal Court jury convicted the petitioner of alternative counts of aggravated robbery in 04-119, and the trial court sentenced the petitioner to life imprisonment without the possibility of parole as a repeat violent offender. This court affirmed the conviction and sentence. *See State v. Charles Hall*, W2008-01883-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Jackson, Dec. 9, 2009). Our supreme court denied permission to appeal on May 12,

2010.

At trial, the victim, Janice Gordon, testified that the petitioner approached her as she sat in her car outside the bank where she worked as a teller, pointed a gun at her, and demanded that she get out of the car. *See id.*, slip op. at 2. She complied, and the petitioner forced her into the passenger's seat while he got into the driver's seat and demanded the keys to her car, her jewelry, and her money. Ms. Gordon testified that she gave the petitioner the keys to her car, "her engagement and wedding rings, a diamond cluster ring, a watch, a charm bracelet, and a $20 bill." *Id.* Ms. Gordon escaped by jumping from the car when the petitioner put the car into reverse. She later identified the petitioner as the perpetrator from a photographic lineup, during the preliminary hearing, and during the trial. *Id.* Police later found the victim's car, *see id.*, slip op. at 3, and some pieces of her jewelry were located in a pawn shop in DeSoto County, Mississippi, *see id.*, slip op. at 5.

The petitioner filed a timely petition for post-conviction relief, alleging that he was denied the effective assistance of counsel at trial and on appeal. The pro se petitioner filed an amended petition for post-conviction relief, adding additional grounds to his claim of ineffective assistance of counsel.

At the July 15, 2011 evidentiary hearing, the petitioner testified that his counsel performed deficiently by failing to file a motion to suppress the victim's identification of him from the photographic lineup. He claimed that the photographic array was unduly suggestive and intimated that the State may have engaged in some sort of trickery in the creation of two, slightly-different photographic arrays. He also argued that the different background color in the photographs indirectly led the victim to choose his photograph. The petitioner also complained about the admission of the victim's preliminary hearing identification, arguing that his attorney should have objected to that identification as suggestive.

The petitioner testified that his counsel performed deficiently by promising the jury that they would hear an explanation of how the rings arrived at the pawnshop and then did not fulfill that promise. He also claimed that counsel performed deficiently in his cross-examination of the victim about her reacquiring the rings after the robbery. He said that his counsel should have moved to suppress the envelopes from the pawn shop.

The petitioner claimed that his counsel should have raised on appeal the issue of prosecutorial misconduct relative to the prosecutor's remarks during voir dire when she referred to the jury's not having heard "the rest of the story" and then made a reference to Paul Harvey. He also claimed that his counsel mishandled the cross-examination of two police officers on the development of the petitioner as a suspect.

During cross-examination, the petitioner maintained that his counsel did not explain to him why he was not entitled to a second hearing on his motion to suppress when his case was remanded for retrial.

Counsel testified that he did not request a new motion hearing or a new preliminary hearing following the remand because he did not believe that the petitioner was entitled to either. He added that he did not want the photographic arrays suppressed because he wanted to highlight the discrepancies in the arrays to the jury to call into question the victim's identification of the perpetrator. He said that he wanted the victim's preliminary hearing identification testimony admitted at trial for the same reason.

Counsel admitted that he told the jury during his opening statement that he would present proof that the petitioner purchased the rings at a casino and then pawned them and that he then failed to place that proof into evidence. Counsel said that he did not ask the questions that the petitioner wanted asked of the two police investigators because those questions would have opened the door to admitting evidence that he had convinced the trial court to suppress.

At the conclusion of the hearing, the post-conviction court took the petition under advisement. The court denied relief in a written order, finding that the petitioner had failed to establish his claims by clear and convincing evidence. In this appeal, the petitioner reiterates his claim of ineffective assistance of counsel, claiming that counsel performed deficiently by failing to challenge the victim's pretrial identifications of the petitioner.

We view the petitioner's claim with a few well-settled principles in mind. Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2006). A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

To establish entitlement to post-conviction relief via a claim of ineffective assistance of counsel, the post-conviction petitioner must affirmatively establish first that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930,

936 (Tenn. 1975), and second that his counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When reviewing a claim of ineffective assistance of counsel, we will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In our view, the petitioner failed to establish entitlement to post-conviction relief. Counsel testified that he did not challenge the identifications because it was his belief that the methods of identification called the victim's credibility into question rather than bolstered it. The post-conviction court accredited counsel's testimony, and counsel's decision was reasonable trial strategy. Moreover, the petitioner presented no proof at the evidentiary hearing to support his assertion that either the photographic array or the preliminary hearing was unduly suggestive or resulted in an unreliable identification. Counsel thoroughly cross-examined the victim on this issue. The petitioner is not entitled to relief.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-4-